of the Court, by
Ch. J. Boyxé.
This is a controversy for land claimed by the parties under adverse titles. The complainant obtained a decree in the court below, from which the defendants have appealed to this court.
They contend that the decree is erroneous,
] st, Because the complainant’s claim is not valid.
2d, Because their claim is of superior dignity, and sufficiently Sustained by the proof in the cause ; arid
3d, Because they had been in peaceable possession for more than twenty years prior to the commencement of the suit.
1st. As to the complainant’s claim. He derives title under an entry made the 28th of March, 1783, for 400 acres upon a treasury warrant, which calls to lié “ ón the waters of the Beech fork, beginning on the county line at Caleb Wallace’s South corner, and extends with said Wallace’s line and the county line for quantity.”
Caleb Wallace had previously made an entry for 1000 acres, “ beginning where the coiihty line first slrikes the main Beech fork frbrti the liorth, running with thfe said county line south 400 poles, and westwardiy for quantity.”
That the county line was a good object for a call in a location, there ran be no question ; because every locator was bound at his peril to take notice of it, inasmuch as he could not enter with the surveyor of one county land lying in another. Such, we apprehend, would be *371 the rase where there had been no actual demarkation of the line. Bat the county line in question in this case had been, prior to Wallace’s entry, actually run and so plainly marked, as appears by the proof in the cause, that it is impossible to believe that any one in search of it could Lave failed to find it. The objection that the line was run according to the magnetic, and not according to the true meridian, we do not think entitled to any weight. As the law establishing the county line was silent as to the mode in which the course of it should bo ascertained, we have no doubt that thfe course indicated by the magnetic needle phould have been preferred to that of the true meridian; not only because the ascertainment of courses by the magnetic needle was the most practicable, but because it was the mode in most common and popular use, and therefore would most likely have been adopted by any one desirous of ascertaining the position of the County line. Besides, as the line had in fact been so run and marked, a subsequent locator, when he found it, as we suppose he could not fail to have done, whatever doubts he might have had with respect to the true construction .of the law, would not have hesitated to pronounce it to be the line intended by Wallace’s entry.
There could have been as little room to doubt, that the stream where Wallace’s entry has been surveyed was the ope intended by the call for “ the main Beech fork.” The only water course which has any pretension to be brought into competition with it is Chaplin’s fork, which empties into the Beech fork. It is trjxe that ftp county Jine in its direction from the north crosses both of them j but it ⅛ abundantly proven that Chaplin’s fork was long before and ever since the date of Wallace’s entry well ¡cnpwn J>y that name to all those who were conversant in that section of the country, and was, therefore, pot likely tp Jbe called for by any other appellation or description. Besides, as it empties into the Beech fork, though from its size it might be called a jtifiiji for]t of the Beech fork, it could not with any propriety he denominated the main Beech fork ; whereas the stream where Wallace’s entry has been surveyed Vas always been known by ftp name of the Beech fork ; £nd though it lias been latterly called the Little Beech fork in contradistinction to the stream below the mouth of Chaplain’s Fork, where it is now called fbg Rig Beach, yet it is clearly proven that at and prior *372 to the date of the entry, the stream, both above and below Chaplin's fork, was known by the common name of the Beech fork.
Upon the whole, therefore, we are of opinion the proof is sufficient to establish the calls of Wallace’s entry; and as the entry under which the complainant claims depends upon that of Wallace, it results as a necessary consequence that it must also be sustained.
2d. As to the defendants’ claim. They derive their title under a village right for a settlement and preemption granted to William Grayson, the material calls in the location of which are to lie “ on the Beech fork of Salt river, near the Indian lick, to include his improvement.”
Were these calls sufficiently established by the proof in the case, there would be no doubt that the claim would be of superior dignity to that of the complainant. But such is not the case. The notoriety of the Beech fork is to be surey abundantly proven; but it is a stream of considerable size, and many miles in length; so that unless the notoriety of tire Indian lick, or improvement called for, were established, it is clear that the claim cannot be sustained. On this point, however, there is a total failure of proof. The only evidence relied on for this purpose is the admission of the complainant. But that, from the manner in which it wras obtained, is obviously entitled to but little weight; and were it even not liable to any objection in this respect, still it is in itself too vague and indefinite to be satisfactory, and can upon no principle of construction be made to reach back to tbe date of the location of the settlement and pre-emption.
3d. The third ground relied on by the defendants seems to he established in point of fact; and it is certainly a general rule, that a court of equity will not relieve against a possession with right after the lapse of twenty years. Whether this rule is applicable to controversies like the present, growing out of original adverse claims, does not seem necessary to be decided in this case. For we are of opinion, that, admitting it to be so, the case made out by the defendants does not entitle them to avail themselves of it; for they have not exhibited the grant under which they claim ; nor does the date of it appear from any part of the pleadings. It is indeed alleged by the complainant that it is elder than *373 that under which he derives title ; hut his bears date only about nine years before the commencement of this suit. So that the grant under which the defendants claim, though cider than, that of the complainant, may have been issued much less than twenty years prior to the commencement of this suit; and it is plain that previous to the emanation of their grant, the complainant could not maintain his suit: for it is that circumstance alone which gives to a court of equity jurisdiction of the case ; and until the cause of action arose, and the jurisdiction of the court attached, laches cannot be ascribed to the complainant.
Decree affirmed with costs.